**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JERRY A. BLACKSHEAR,**

      **Petitioner,**

**vs.**

                                      **CASE NO. 3:08cv104-MCR/WCS**

**WALTER McNEIL,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Jerry A. Blackshear pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his convictions for home invasion robbery and possession of a firearm by a convicted felon in the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida, case number 04-CF-1760. *Id.* Respondent filed an answer and the record in paper form. Doc. 8. Petitioner was notified of his opportunity to file a response, doc. 10, but did not. Respondent concedes that the petition was timely filed. Doc. 8, p. 13.

**Ground One**

Petitioner contends that his attorney was ineffective at sentencing.  Doc. 1, p. 5.

Petitioner asserts that he did not qualify for sentencing as an habitual offender.  *Id.*  He

alleges that he was sentenced as an habitual offender due to prior convictions for

possession of cocaine in case numbers 98-963 and 99-1959.  *Id.*  He argues that when

the state responded to "the instant motion," meaning his state Rule 3.850 motion

presenting this claim, the state pointed out that Petitioner had a lot of other felony

convictions.  *Id.*, p. 6.  He argues that when the Rule 3.850 court took judicial notice of

these convictions, Petitioner was deprived of the opportunity to challenge the "propriety

of using the additional convictions for habitualization purposes."  *Id.*

I do not read this claim as arguing that Petitioner was improperly sentenced as

an habitual offender as violation of state law.  If that were the claim, it would be

summarily denied as failing to state a federal claim.[1]

Petitioner's first claim in his Rule 3.850 motion was that his attorney was

ineffective because he was sentenced as an habitual offender based only upon prior

convictions in case numbers 98-CF-964 and 99-1959.  Ex. L, R. 2.  He pointed out in his

Rule 3.850 motion that both of these offenses were controlled substance convictions.

*Id.*  He cited <u>Ishmael v. State</u>, 735 So. 2d 509 (Fla. 2d DCA 1999).  That case held that

---

[1] A violation of a state rule of procedure or of a state law is not itself a violation of
the federal constitution.  <u>Engle v. Isaac</u>, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71
L.Ed.2d 783 (1982); <u>Wallace v. Turner</u>, 695 F.2d 545, 548 (11th Cir. 1983) (procedural
rule); <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1989) (sentencing guidelines);
<u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1054-1055 (11th Cir. 1987) (jury instruction).

a conviction for possession of cocaine, without more, was not a sufficient predicate offense for sentencing as an habitual offender. 735 So. 2d at 510.

The State sought sentencing of Petitioner as an habitual offender pursuant to FLA. STAT. § 775.084 (2003). Ex. B, R. 19. Two convictions attached to the notice were in the cases indicated above, case numbers 98-963 and 99-1959, for possession of cocaine. *Id.*, R. 20. A number of other criminal records were attached, and among these was one of two convictions for shooting into an occupied vehicle, case number 96-844. *Id.*, R. 65. At the plea colloquy and sentencing, however, only the possession of cocaine convictions were mentioned and proved by certified copies. Ex. C, R. 127. FLA. STAT. § 775.084 (2003) provided that a defendant may be sentenced as an habitual offender if he "committed" the instant offense within 5 years of "the date of conviction" of a felony, if the defendant was also convicted of another felony, not necessarily within the prior 5 years, and if one of the convictions was not for purchase or possession of a controlled substance. §§ 775.084(a)1, 2b, and 3.

In its response to the Rule 3.850 motion, the state pointed out that Petitioner had a rather lengthy criminal history. Ex. L, R. 13-14. The state said that included among the many prior convictions, Petitioner had been convicted in case number 03-1925 for selling cocaine, case number 96-844 for shooting into an occupied vehicle, and case number 93-067, for again shooting into an occupied vehicle. *Id.* The trial court ruled that to be sentenced as an habitual offender, Petitioner had to have two or more felony convictions, one of which must have been in the prior five years, and one of which must have been for something other than possession of a controlled substance. *Id.*, R. 17. Petitioner's home invasion robbery offense occurred on June 23, 2004. *Id.*, n. 2. The

court determined that the only prior convictions mentioned at sentencing, in case numbers 98-CF-964 and 99-CF-1959, were for possession of cocaine and, therefore, did not support sentencing as an habitual offender. *Id.* The court then noted that Petitioner had been convicted of two counts of shooting into an occupied vehicle as well as sale of cocaine, relying on the convictions which the state had alleged in its response. *Id.* Petitioner did not deny that he had these prior convictions. Since Petitioner had these additional prior convictions, the court reasoned that counsel was not ineffective because prejudice to the outcome had not been shown.[2] *Id.*

Thus, regardless, how Petitioner's claim is construed, it is nonsense. If Petitioner is complaining that he was denied due process in the Rule 3.850 proceeding because that court relied upon convictions alleged in the state's response, the claim is unsupported.[3] Petitioner could have contested any of the convictions referenced by the state in the Rule 3.850 court and does not even argue here that he was not convicted twice of shooting into an occupied vehicle and once for selling cocaine. Moreover, a defect in a collateral proceeding is unrelated to the cause of detention, and does not state a claim for habeas corpus relief. Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004),[4] *cert. denied*, 543 U.S. 960 (2004), *citing* Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (other citations omitted). *See also* In re Rutherford, 437

---

[2] The court actually found harmless error, but the reasoning is the same.

[3] Respondent does not argue that this claim was not presented to the state court.

[4] Such an argument could be relevant to whether the presumption of correctness should apply to the state court proceedings, however, but that has not been argued in this case. Quince, 360 F.3d at 1262 and n. 3 (citations and footnote omitted) (noting that no such argument had been raised there).

F.3d 1125, 1127 (11th Cir. 2006) (citing <u>Quince</u> and <u>Spradley</u>); <u>Anderson v. Secretary</u> <u>for Dept. of Corrections</u>, 462 F.3d 1319, 1330 (11th Cir. 2006), *cert. denied,* 549 U.S. 1216 (2007) (citing <u>Spradley</u>).

If, on the other hand, Petitioner intends to fault his trial counsel for failing to point out the problem at sentencing,[5] the Rule 3.850 court's determination that there was no attorney error or prejudice to the outcome is plainly entitled to deference by this court. As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). To prove ineffective assistance of counsel, Petitioner must show that his attorney committed error which prejudiced the outcome. <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Petitioner still has not shown that he was not twice convicted of shooting into an occupied vehicle and once convicted of sale of cocaine. Had counsel argued that the possession of cocaine convictions were insufficient, the state could have relied upon a number of other convictions. Ground one affords no relief.

**Ground Two**

Petitioner contends that his trial counsel was ineffective for failing to tell him that a nolo contendere plea would be the same as a guilty plea. Doc. 1, p. 8. In support, he describes the usual procedure for determining whether to accept a guilty plea.

---

[5] The state concedes that state court remedies were exhausted as to this claim. Doc. 8, p. 16.

Petitioner does not allege that had his lawyer told him that a nolo contendere plea was effectively the same as a guilty plea, he would not have entered the plea. As presented in this court, the claim is insufficient.[6]

Respondent, however, generously reads this as the same claim that was presented in Petitioner's Rule 3.850 motion. In his Rule 3.850 motion, Petitioner alleged that his attorney did not tell him that his nolo contendere plea would admit all of the facts alleged in the information. Ex. L, R. 3. Petitioner asserted that he was not "one of the alleged perpetrators who committed the crime." *Id.* Thus, he reasons, he could not have possessed a firearm as alleged. *Id.* He asserts that had he been told of the consequences of his plea, he would have insisted upon going to trial. *Id.*

The state court denied this claim, reasoning:

> The record shows that the Defendant, with assistance from his attorney, signed a written plea agreement on February 28, 2005. Pursuant to the agreement, the Defendant was sentenced as an HFO for one count of home invasion robbery with a firearm to ten (10) years DOC followed by five (5) years of probation. He was also sentenced to three (3) years, concurrent, on the remaining count of possessing a firearm.

> The plea agreement clearly reads that the Defendant was entering a no contest plea to one count of home invasion robbery with a firearm and one count to possession of a firearm by a convicted felon. At the plea hearing, the Court asked the Defendant if he had read and understood the plea agreement. The Defendant said that he did and added that he had reviewed the matter with his attorney. Based on the written plea agreement and transcript of the plea hearing, the Court finds that the plea was entered in a voluntary and intelligent manner. The Defendant was

---

[6] In the context of a guilty plea, the first part of the <u>Strickland</u> test is the same, but "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); <u>Gordon v. United States</u>, 496 F.3d 1270, 1277 (11th Cir. 2007), *quoting*, <u>Hill</u>.

obviously aware that, by pleading no contest, he was not disputing the charges alleged against him in the Information.

Ex. L, R. 18 (footnotes omitted).

At the plea colloquy, Petitioner's attorney informed the court that Petitioner would enter a no contest plea to the home invasion robbery for a sentence of 10 years and 5 years of probation, which was a minimum mandatory sentence. Ex. C, R. 123-124. He said that Petitioner would enter a no contest plea to having possession of a firearm as a convicted felon in exchange for a minimum mandatory 3 year sentence. *Id.*, R. 124. When asked if that was right, Petitioner said "yes." *Id.* Counsel presented a plea agreement signed by Petitioner. *Id.*, R. 125.

Petitioner told the court that he had a high school education, that he had a chance to go over the plea agreement with his attorney, he understood the plea agreement, he agreed with his attorney's advice, and he gave up a right to a jury trial. *Id.*, R. 125-126. The plea agreement, which Petitioner signed, stated that Petitioner understood he was giving up his right to present witnesses, to cross examine witnesses, and to present defenses. Ex. B, R. 78. Petitioner stipulated there were sufficient facts available to the State to justify his plea. *Id.* The agreement said that he would be sentenced to prison for 10 years for the home invasion count, and to 3 years for the felon in possession count. *Id.* Petitioner signed the agreement. *Id.*, R. 81.

Neither the plea agreement nor the plea colloquy discussed the specific factual basis for the plea. But Petitioner's claim in his Rule 3.850 motion, that he was not involved in the home invasion robbery, was a conclusion without any specifics. He alleged nothing to support that conclusion. The claim as set forth in the Rule 3.850

motion was legally insufficient as a claim of ineffective assistance of counsel with respect to the nolo contendere plea.[7]  The claim is equally deficient in this court.

Further, in a post-conviction challenge to a guilty plea:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted); see also United States v. Gonzalez-Mercado, 808 F.2d 796, 799-800 and n. 8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing Blackledge and other cases). Consequently, the trial court's adjudication of this claim has not been shown to have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).  Ground two affords no relief.

---

[7] "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  "Conclusory allegations of ineffective assistance are insufficient."  Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (drug quantity at sentencing, failure to allege specific facts), quoting, United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991) (same); Aldrich v. Wainwright, 777 F.2d 630, 636-37 (11th Cir. 1985), cert. denied, 479 U.S. 918 (1986) (defendant's conclusory allegations about the testimony of uncalled witnesses are insufficient to state a claim of ineffective assistance of counsel); Bolder v. Armontrout, 921 F.2d 1359, 1363-1364 (8th Cir. 1990), cert. denied, 502 U.S. 850 (1991); United States v. Vargas, 920 F.2d 167, 169-170 (2d Cir. 1990), cert. denied, 502 U.S. 826 (1991).

**Ground Three**

Petitioner contends that his plea was involuntary because the trial court did not determine that there was an adequate factual basis for the plea. Doc. 1, p. 8. Petitioner argues that a "mere stipulation by a defendant is not enough." *Id.* He argues that the trial court "merely relies upon a police reports as an adequate basis for acceptance of the plea." *Id.*

The specifics of a factual basis for the plea were not established at the plea colloquy. Ex. C, R. 125-128. The Rule 3.850 court denied this claim, however, noting that the plea agreement contained a stipulation that there was a factual basis for the plea.[8] Ex. L, R. 18. The Rule 3.850 court also referred to a police report wherein the victim "told police that three black men entered her home and stole her jewelry on June 23, 2004. All of the men, according to the victim, were carrying firearms." *Id.*, R. 18-19. The court noted that the victim and another witness identified Petitioner as one of the intruders. *Id.*, R. 19. The court found this to be a sufficient factual basis for the plea. *Id.*

The decision of the Rule 3.850 court has not been shown to have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Petitioner makes no credible allegations that he was unaware of the contents of this police report before he entered his nolo contendere plea.

---

[8] The Rule 3.850 court reached the merits of the claim, and therefore Respondent's argument, that the claim was procedurally defaulted because not raised on direct appeal, is rejected.

But even if he did, he still fails to state a federal claim.  Petitioner did not protest his innocence at the plea, and that is fatal to this claim.  "[T]he due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty or nolo contendere that is not accompanied by a claim of innocence."  Wallace v. Turner, 695 F.2d 545, 548 (11th Cir.), *rehearing denied*, 706 F.2d 318 (11th Cir. 1983).  "The failure to provide a factual basis for a guilty plea presents a constitutional claim relating to the knowing and voluntary aspect of the plea only when the defendant proclaims his innocence *while pleading guilty*."  Rogers v. Maggio, 714 F.2d 35, 38 n. 5 (5th Cir. 1983), citing Wallace (emphasis added).  Ground three affords no relief.

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Jerry A. Blackshear challenging  his convictions for home invasion robbery and possession of a firearm by a convicted felon in the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida, case number 04-CF-1760, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2009.

**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.